IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAYMOND EDWARD GILL<br>Petitioner | * | |
| v. | * | CIVIL ACTION NO. RDB-15-3746<br>CRIMINAL NO. RDB-13-577 |
| UNITED STATES OF AMERICA<br>Respondent | * | |

\*\*\*\*\*

## MEMORANDUM OPINION

After a four-day jury trial Raymond Gill was convicted of armed bank robbery and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2113(a)(d)(f) and 924(c). On March 13, 2015, criminal judgment was entered sentencing Gill to a 480 month term in the U.S. Bureau of Prisons. *See United States v. Gill*, Criminal No. RDB-13-0577 (D. Md.) at ECF No. 70. Gill's Notice of Appeal remains pending and is proceeding with court-appointed counsel.

On December 4, 2015, the Court received for filing Gill's self-represented "Motion to Dismiss, Vacate Sentence" dated November 30, 2015. *Id.* at ECF No. 108. The Motion was construed as Gill's 28 U.S.C. § 2255 Motion to Vacate. Absent extraordinary circumstances, a district court is precluded from considering a § 2255 motion while review of a defendant's criminal case or direct appeal is pending. *See McIver v. United States*, 307 F.3d 1327, 1331 n. 2 (11th Cir. 2002) (noting that "collateral claims should not be entertained while a direct appeal is pending" because direct review relief may render moot the issues also raised on collateral review); *Walker v. Connor*, 72 Fed. Appx. 3 (4th Cir. 2003) (recognizing that § 2255 motion is premature when direct appeal is pending); *see also Rendelman v. United States*, 2008 WL

2945559 (D. Md. July 28, 2008) (quoting *Bowen v. Johnson*, 306 U.S. 19 (1939)), appeal dismissed by 308 Fed. Appx. 685 (4th Cir. Jan. 22, 2009); Rules Governing Section 2255 Proceedings, Rule 5 (advisory committee note stating that courts have held that motions to vacate are "inappropriate if the movant is simultaneously appealing the decision."). Although this general rule is not a jurisdictional bar, the orderly administration of criminal law precludes consideration of a § 2255 motion absent extraordinary circumstances. *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).

Gill's § 2255 Motion is premature. His criminal judgment is currently on appeal and he has not alleged any extraordinary circumstances warranting review of the Motion. The Motion to Vacate shall be dismissed without prejudice.[1]

When a District Court dismisses a Motion to Vacate solely on procedural grounds, a Certificate of Appealability will not issue unless the Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Gill has not made the required showing and

---

[1] Gill is free to re-file his 28 U.S.C. § 2255 Motion upon completion of the appeal process. He is forewarned, however, that a one-year statute of limitation applies to a motion filed under § 2255. The limitation period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been made discoverable through the exercise of due diligence. See 28 U.S.C. § 2255(f) (1)–(4). The Clerk shall send Gill a § 2255 form packet should he choose to re-file his Motion in the future.

2

the Court declines to issue a Certificate of Appealability.  Gill's Motion to Vacate will be dismissed without prejudice.  A separate Order follows.

Dated: DECEMBER 10, 2015

/s/ R.D. Bennett
RICHARD. D. BENNETT
UNITED STATES DISTRICT JUDGE