IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND EDWARD GILL,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Crim. Case No.:  RDB-13-577
Civil Action No. RDB-20-1897

**MEMORANDUM ORDER**

Pending before the Court is Petitioner Raymond Edward Gill's Motion Seeking Relief from Final Judgment.  ECF 253.  The motion is filed pursuant to Fed. R. Civ. P. 60(b)(6) and 60(d)(1).  For the reasons that follow, the motion is denied.

Gill asserts that this Court's June 12, 2020 dismissal of his Motion to Vacate, *see* ECF 227, ECF 228, asserting that this Court and the Assistant U.S. Attorney "knew or should have know[n] that [he] was not a career offender due to the outdated conviction along with 'good time.'"  ECF 253 at 3.  Gill references a prior conviction used to enhance his sentence and claims that the U.S. Probation officer who authored his presentence report "resurrected" his prior convictions without contacting the Federal Bureau of Prisons to confirm his "earned good time under the 'old law' (Parole) which would have made petitioner's prior convictions over 15 years old." *Id*. at 2-3.  Gill argues that he is entitled to relief from the judgment of this Court under Rule 60 because the presentence report illegally resurrected his prior convictions, denied him the benefit of diminution of confinement records, and constitutes a fraud on the Court.  *Id*. at 8.

Gill appealed this Court's dismissal of his Motion to Vacate to the Fourth Circuit Court of Appeals.  ECF 231 (Notice of Appeal).  The appeal was dismissed on November 20, 2020 (ECF

239) and the mandate issued on December 1, 2020 (ECF 240).  In the interim, Gill filed another

Motion to Vacate (ECF 233), which this Court dismissed without prejudice as successive on June

25, 2020.  ECF 236.

Rule 60 permits relief from a judgment or order of this court in order to correct clerical

mistakes; oversights and omissions.  Fed. R. Civ. Proc. 60(a).  A party may also be granted relief

from judgment on motion for the following reasons: (1) mistake, inadvertence, surprise or

excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have

been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or

misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied,

release or discharged; (6) any other reason that justifies relief.  Fed. R. Civ. Proc. 60(b).  It is within

this court's discretion to grant or deny a motion filed pursuant to Rule 60(b).  *See Nat'l Credit*

*Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993).

The rule does not contemplate its substitution for appellate review of a district court's

decision.  To the extent a party is aggrieved by a judgment and asserts it is void, Rule 60(b) is not

the proper vehicle to mount that challenge.  "'[A] judgment is not void merely because it is

erroneous.  It is void only if the court that rendered it lacked jurisdiction of the subject matter, or

of the parties, or if it acted in a manner inconsistent with due process of law.'"  *Eberhardt v.*

*Integrated Design & Const., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999) (quoting *Schwartz v. United*

*States,* 976 F.2d 213, 217 (4th Cir.1992)) (quoting 11 Wright & Miller, *Federal Practice and*

*Procedure* § 2862 at 198-200 (1973)).  To be entitled to relief under Rule 60(b), the movant must

demonstrate the existence of a meritorious claim or defense.  *See Compton v. Alton Steamship Co.*,

608 F. 2d 96, 102 (4th Cir. 1979).   When the motion is based on assertions of fraud,

misrepresentation, or misconduct, the movant "must also prove the misconduct complained of by

clear and convincing evidence and demonstrate that such misconduct prevented him from fully

and fairly presenting his claim or defense." *Square Const. Co. v. Washington Metropolitan Area*

*Transit Authority*, 657 F.2d 68, 71 (4th Cir. 1981).

Gill's motion is simply a restatement of the arguments he advanced previously and do not

demonstrate that fraud was committed on this Court or that he is otherwise entitled to relief under

Rule 60.  With regard to Gill's claim that he should not have been sentenced as a career offender

and his trial counsel was ineffective for failing to object to his status as a career offender, this

Court observed:

> Gill appears to argue that his counsel failed to object to the inclusion of his prior convictions, the basis for this objection being that this Court's sentence was not imposed within fifteen years of his commencement of the 1986 conviction and that the inclusion of any conviction that occurred prior to the enactment of the Sentencing Guidelines in 1987 constitutes ex post facto application. (*Id.*) Here, Gill fails to meet either prong of the *Strickland* test.
>
> First, at sentencing, Gill's counsel did object to the PSR's determination that Petitioner was a career offender on both grounds Gill attempts to relitigate in his § 2255 Motion. (Sentencing Tr. 57:5-14, ECF No. 89.)  Furthermore, even if counsel had not objected, Gill fails the prejudice prong because he was properly sentenced as a career offender pursuant to the United States Sentencing Guidelines. *See* U.S.S.G. §4A1.2(e).  The U.S.S.G. state the following:
>
>> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted.  Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.
>
> U.S.S.G. § 4A1.2(e).  The Guidelines further require that a career offender have "at least two prior felony convictions" of a crime of violence or a controlled substance offense. *See* U.S.S.G §4B1.1.  Gill committed the instant offense on August 27, 2013.  Gill was convicted in 1985 for a crime of violence, armed bank robbery, and was not released from incarceration until September 8, 2000. (PSR 11, ECF No. 64.)  Gill was also convicted for armed bank robbery in 2001 and began supervised release on August 2, 2013. (*Id*. at 12.)  Thus, Gill was incarcerated for both of these convictions within fifteen years of the instant

offense.  Finally, Gill's classification as a criminal offender was affirmed by the Fourth Circuit.  *See Gill*, 667 F. App'x at 789.

With respect to this claim, the record clearly shows that counsel's performance was in no way deficient and it has properly been settled that Gill was a career offender pursuant to the Sentencing Guidelines.

ECF 227 at 24-25 (Memorandum Opinion).  To the extent that the argument advanced by Gill in the currently pending motion for relief from judgment represents a new theory to support his argument that he should not have been sentenced as a career offender, it is improperly asserted in a Rule 60 motion.  The underlying facts were known to him at the time he filed his Motion to Vacate and the fourteen supplements that followed.  Further, the argument that the age of his prior conviction should have taken into account diminution of confinement credits he received against that sentence is frivolous and therefore does not demonstrate he is entitled to relief from judgment.

Accordingly, it is this 14th day of June, 2021, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion for Relief from Final Judgment (ECF 253) IS DENIED; and

2. The Clerk SHALL PROVIDE a copy of this Order to Petitioner.


_____/s/_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE