IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAYMOND EDWARD GILL, | * | |
| Petitioner, | * | Civil Action No. RDB-21-2216 |
| v. | * | Criminal Action No. RDB-13-577 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM ORDER</u>**

On December 1, 2016, Petitioner Raymond Gill ("Petitioner" or "Gill") filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (ECF No. 129.) Fourteen amended motions (ECF Nos. 131, 137, 138, 143, 145, 147, 148, 151, 153, 154, 157, 165, 166, and 170) followed, in which Gill advanced claims of ineffective assistance of counsel and various other arguments. On June 12, 2020, this Court issued a 33-page Memorandum Opinion and Order which addressed each of Gill's arguments and denied his Motion. (ECF Nos. 227, 228.) Eleven days later, on June 23, 2020, Gill filed a "Second or Successive Motion" made pursuant to 28 U.S.C. § 2255. (ECF No. 233.) In the Motion, Gill argued that he was entitled to relief under the United States Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). On June 25, 2020, this Court dismissed Gill's Second or Successive Motion without prejudice because he had not obtained pre-filing authorization from the United States Court of Appeals for the Fourth Circuit. (ECF No. 236.) On July 30, 2021, the Fourth Circuit issued an Order denying Gill's Motion for an order authorizing this Court to consider a second or successive application for relief under 28 U.S.C. § 2255. (ECF

1

No. 262.)  On August 27, 2021, Gill filed a Second or Successive Motion to Vacate under 28 U.S.C. § 2255.  (ECF No. 265.)

The Anti-Terrorism and Effective Death Penalty Act of 1996, effective April 24, 1996, amended 28 U.S.C. § 2255 to provide:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *In re Vial*, 115 F.3d 1192, 1197–98 (4th Cir. 1997) (en banc).  Absent pre-filing authorization, this Court lacks jurisdiction to consider a second or successive petition.  *United States v. Winestock*, 430 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by United States v. McRae*, 793 F.3d 392 (4th Cir. 2015).

The Fourth Circuit's July 30, 2021 Order denied Gill's motion for authorization to file a successive petition. (ECF No. 262.)  The Fourth Circuit's decision is not reviewable. *See* 28 U.S.C. § 2244(b)(3)(E) ("The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable….").  Accordingly, this Court does not have jurisdiction to consider the instant § 2255 Petition. (ECF No. 265.)

Accordingly, IT IS HEREBY ORDERED this 1st day of September, 2021 that:

1. The Petitioner's Second or Successive Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 265) is DISMISSED WITH PREJUDICE;

2. A Certificate of Appealability shall not issue and is DENIED;

3. Copies of this Memorandum Order shall be sent to the Petitioner and Counsel of record; and

4. The Clerk of the Court shall CLOSE this case (Civil Action No. RDB-21-2216).

_____/s/_____

Richard D. Bennett
United States District Judge