IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAYMOND EDWARD GILL, | * | |
| Petitioner, | * | Civil Action No. RDB-18-1303 |
| v. | * | Criminal Action No. RDB-13-577 |
| UNITED STATES OF AMERICA | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM ORDER</u>**

After a four-day jury trial, *pro se* Petitioner Raymond Gill was convicted of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and (f), and brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). (Verdict Form, ECF No. 56.) On March 13, 2015, this Court[1] sentenced Gill to an overall term of forty years of imprisonment, followed by five years of supervised release. (Judgment & Commitment Order ("J&C"), ECF No. 70.) Subsequently, the United States Court of Appeals for the Fourth Circuit affirmed Gill's sentence. *See United States v. Gill*, 667 F. App'x 789 (4th Cir. 2016) (per curiam), *cert. denied*, 137 S. Ct. 599 (2016). On December 1, 2016, Petitioner Raymond Gill ("Petitioner" or "Gill") filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, (ECF No. 129), followed by a wealth of motions in which Gill advanced a diverse array of challenges to his conviction, (*See* ECF Nos. 72, 95, 118, 131, 137, 138, 142,

---

[1] This case was initially assigned to Judge Catherine C. Blake. In March 2014, it was reassigned to Judge George Levi Russell, III, who presided at Petitioner's April 22, 2014 pretrial motion hearing. Thereafter, the case was reassigned to the undersigned Judge Richard D. Bennett, the presiding judge at Petitioner's trial and sentencing, on October 31, 2014.

143, 145, 147, 148, 151, 153, 154, 156, 157, 164, 165, 166, 170, 178, 208, 213, 215, 216, 222). On June 12, 2020, this Court issued a 33-page Memorandum Opinion and Order which addressed each of Gill's arguments and denied his Motion. (ECF Nos. 227, 228.)

Gill has again filed numerous motions seeking miscellaneous post-conviction relief. Currently pending is Petitioner Raymond Gill's Motion for Reconsideration, in which he asks this Court to revisit its June 12, 2020 order, (ECF No. 276), as well as two supplements to this motion, (ECF Nos. 280, 292). Also pending are a motion for relief from final judgment (ECF No. 258); two motions for compassionate release (ECF Nos. 248, 291); a motion to reduce sentence (ECF No. 268); a motion to amend the compassionate release statute (ECF No. 293); a motion to correct a clerical error in Petitioner's presentence report (ECF No. 272); two motions for writs of error coram nobis (ECF Nos. 286, 287); and two letters challenging the validity of Gill's career offender enhancement (ECF Nos. 301, 302). The Government has not filed a response to any of these motions. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Gill's pending motions (ECF Nos. 248, 258, 268, 272, 276, 280, 286, 287, 291, 292, 293, 301, 302) are **DISMISSED** in part and **DENIED** in part.

## ANALYSIS

Gill has presented thirteen motions, supplements, and filings challenging his conviction and seeking compassionate release pursuant to the First Step Act. As Gill has filed his motions *pro se*, his arguments are afforded a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that *pro se* filings are "held to less stringent standards than formal pleadings drafted by lawyers" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1975)); *Haines v. Kerner*, 404

2

U.S. 519 (1972). Regardless of their liberal construction, Gill's motions fail. The majority of his arguments are construed as successive habeas petitions filed pursuant to 42 U.S.C. § 2255 and are dismissed for lack of jurisdiction. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). The remainder of Gill's arguments are construed as motions for compassionate release and are denied on the merits.

 I.     **Successive Habeas Petitions**

Before considering Gill's arguments, this Court must determine whether they are to be construed as an unauthorized and successive § 2255 motion attacking his conviction, or as procedural challenges that may be properly brought under Rule 60(b) or other provisions. Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

The characterization of a *pro se* motion is determined by its subject matter, rather than the description assigned by the movant. *See Castro v. United States*, 540 U.S. 375, 381–82 (2003) (holding that a court may recharacterize a *pro se* motion "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis"); *Calderon v. Thompson*, 523 U.S. 538, 556 (1998). The Supreme Court has held that a Rule 60(b) motion that

3

"seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits" is properly recharacterized as a successive petition for writ of habeas corpus. *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). Accordingly, the Fourth Circuit has held that:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. . . . Similarly, new legal arguments or proffers of additional evidence will usually signify that petitioner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003), *abrogated in part on other grounds by United States v. McRae*, 793 F.3d 392 (4th Cir. 2015) (citing *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam); *Dunlap v. Litscher*, 301 F.3d 873, 876 (7th Cir. 2002); *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 870 (4th Cir. 1999)).

Several of Gill's arguments dispute the validity of his sentence and the jurisdiction of the sentencing court. These include arguments that are presented in his motion for relief from final judgment (ECF No. 258); his motion to correct clerical error (ECF No. 272); his motions for writs of error coram nobis (ECF Nos. 286, 287); his miscellaneous filings seeking to vacate his conviction (ECF Nos. 301, 302); and several arguments in support of his motion to reduce sentence, motion for reconsideration, and supplemental filings (ECF Nos. 268, 276, 280, 292). Through these motions, Gill argues:

(a) that the prosecution failed to establish that the Wells Fargo bank where the robbery was committed was federally insured (*see* ECF Nos. 238, 268);

(b) that the state failed to include a 1985 plea agreement in his presentence

      investigation report (*see* ECF Nos. 272);

(c) that the state breached said plea agreement by using his 1985 conviction as a predicate for career offender designation (*see* ECF No. 280, 287);

(d) that his 1985 conviction is rendered invalid as a sentence enhancement by the 1992 abolishment of the federal parole commission (*see* ECF No. 301);

(e) that he never intended to go to trial, as his original attorney passed away while he was in the process of negotiating a plea deal, and his new attorney promised a hung jury (*see* ECF No. 302); and

(f) that his sentence should be vacated for lack of jurisdiction as he was transferred between state and federal prison in putative violation of his due process rights (*see* ECF Nos. 286, 287).

These arguments constitute continued collateral attacks on Gill's conviction, his sentence, and the jurisdiction of this Court, and are accordingly construed as applications for relief under 28 U.S.C. § 2255.[2] *See Winestock*, 540 F.3d at 207 ("[A] motion directly attacking the petitioner's conviction or sentence will usually amount to a successive application.").

Gill has already filed several post-conviction challenges to the validity of his sentence. Accordingly, the arguments he raises under 28 U.S.C. § 2255 must be considered successive. The Anti-Terrorism and Effective Death Penalty Act of 1996, effective April 24, 1996, amended 28 U.S.C. § 2255 to provide:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[2] Petitioner also alleges "specific performance," "violation of interstate agreement," "violation of extradition laws," and "loss of change of custody." (Mot. for Writ of Coram Nobis, ECF No. 287.) To the extent that these arguments are expounded upon, they appear duplicitous of Gill's other claims.

5

28 U.S.C. § 2255(h); *see also* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *In re Vial*, 115 F.3d 1192, 1197–98 (4th Cir. 1997) (en banc). Absent pre-filing authorization from the Court of Appeals, this Court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205.

The Fourth Circuit's July 30, 2021 Order denied Gill's motion for authorization to file a successive petition, (*see* ECF No. 262), and Gill has not since obtained such authorization. Accordingly, Gill's motion for relief from final judgment (ECF No. 258); motion to correct clerical error (ECF No. 272); motions for writs of coram nobis (ECF Nos. 286, 287); and miscellaneous filings challenging his conviction (ECF Nos. 301, 302); are hereby construed as successive § 2255 petitions and **DISMISSED** for lack of jurisdiction. Additionally, his motion to reduce sentence, motion for reconsideration and supplemental filings (ECF Nos. 268, 276, 280, 292) are hereby **DISMISSED** for lack of jurisdiction to the extent that they raise the arguments discussed in this section.

## II. Motions for Compassionate Release

Gill's remaining arguments are properly characterized as requests for compassionate release. The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons (BOP) with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after she "has fully exhausted all

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

Gill's remaining motions include two motions for compassionate release (ECF Nos. 248, 291); a motion to amend the compassionate release statute (ECF No. 293); and his remaining arguments in support of his motion to reduce sentence, motion for reconsideration, and supplementary filings (ECF Nos. 268, 276, 280, 292). Through these motions, Gill argues that his sentence is longer than the sentence he would receive today for identical conduct; that his high blood pressure, exposure to COVID-19, and enlarged prostate have enhanced the severity of his sentence; and that his "stacked" § 924(c) conviction should be ameliorated. He contends that each of these factors represents an "extraordinary and compelling" circumstance that warrants a sentence reduction.

Many of Gill's claims are not properly exhausted. As a threshold matter, the First Step Act authorizes a defendant to file a compassionate release motion on their own behalf only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [their] behalf or on the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i); *see United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021) ("Congress enacted the First Step Act to allow incarcerated individuals to directly petition district courts

7

for compassionate release so long as they first exhaust their administrative remedies."). Although Gill has filed correspondence indicating that he made such a request on January 1, 2022, and that the warden denied his request on January 24, 2022, (ECF No. 284-1, 284-3), several of his motions were filed *before* this process was completed. (*See* Mot. Compassionate Release, ECF No. 248 (February 22, 2021); Mot. Reduce Sentence, ECF No. 268 (September 7, 2021); Mot. Relief from Judgment, ECF No. 276 (November 16, 2021).) Although the First Step Act's exhaustion requirement is "non-jurisdictional," *United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), Gill's failure to exhaust his remedies is sufficient reason to deny the instant motions.

Even if Gill's claims were exhausted, he fails to present extraordinary and compelling reasons to consider his motion. Under the First Step Act, district courts have "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020); *accord United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) ("[D]istrict courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" (citation omitted)). Exercising that discretion, this Court has found that a heightened susceptibility to COVID-19 may represent an extraordinary and compelling reason for a sentence reduction. *See, e.g.*, *United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020). Additionally, intervening changes in sentencing law may constitute extraordinary and compelling reasons that justify a compassionate release motion. *United States v. Concepcion*, 142 S. Ct. 2389 (2022); *accord United States v. Smith*, 379 F. Supp. 3d 543, 546 (W.D. Va. 2019) ("Congress, when drafting the First Step Act in 2018, surely did not intend for courts

to disregard the years of Supreme Court federal sentencing jurisprudence."); *McCoy*, 981 F.3d at 285 ("[T]he severity of a [stacked] sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an 'extraordinary and compelling' reason for relief.").

Gill fails to show that the nature of his sentence or intervening changes in sentencing law constitute extraordinary and compelling reasons. First, he claims that his sentence is the result of a "stacked" § 924(c) conviction. (*See* Mot. Compassionate Release 3, ECF No. 248; Mot. Reconsideration 3, ECF No. 276; Supplemental Mot. Compassionate Release 2, ECF No. 291.) Sentence stacking occurs when a judge imposes "a 5-year mandatory minimum for a first [§ 924(c)] conviction, and a consecutive 25-year term for any 'subsequent' [§ 924(c)] conviction—even if obtained in the same case." *United States v. Ramos*, Crim. No. PJM-04-293, 2021 WL 826304, at *1 (D. Md. Mar. 4, 2021). As Gill was convicted of only a single § 924(c) count in this case, his sentence is not the result of "stacking." *See McCoy*, 981 F.3d at 275 (noting that "the 25-year mandatory minimum applies only when a prior § 924(c) conviction arises from a separate case and 'has become final'" (citation omitted)). Second, Gill argues that his career offender designation was rendered invalid by intervening Fourth Circuit authority. (Mot. Submit Citations 1, ECF No. 292; Mot. Amend Compassionate Release Statute 1, ECF No. 293.) This Court has already rejected Gill's argument that his career offender designation is invalid in a prior opinion, (*see generally* June 12, 2020 Memorandum Opinion, ECF No. 227), and Gill fails to point to intervening authority that holds otherwise.

Finally, Gill contends that his age, the length of his sentence, his contraction of COVID-19, and his medical conditions constitute extraordinary and compelling reasons to

grant a sentence reduction. (Mot. Compassionate Release 3, ECF No. 248; Mot. Reduce Sentence 3, 15, ECF No. 268; Correspondence, ECF No. 273; Mot. Reconsideration 3, ECF No. 276; Supplement 4, ECF No. 280.) Even assuming that these considerations qualify as "extraordinary and compelling" reasons, a court must conduct an "individualized assessment" of a defendant's circumstances under 18 U.S.C. § 3553(a) to determine whether he is eligible for a sentence reduction. *McCoy*, 981 F.3d at 286. These factors require this Court to consider: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a).

The § 3553(a) factors weigh against a sentence reduction. As this Court has previously observed, Gill is a career offender prone to recidivism, and has committed several robberies within months of his release from prior terms of incarceration. (*See* Government's Sentencing Mem. 7, ECF No. 66.) Moreover, Gill was convicted of armed bank robbery, a violent offense. The record reflects that during the commission of the robbery, Gill forced a teller to surrender money at gunpoint. This course of conduct raises serious public safety implications and highlights the severity of the offense. While he argues that he "has been a model inmate with no infractions, completing several programs and reducing his custody level," and that he would pose a low risk of recidivism, (Mot. Compassionate Release 4, ECF No. 248; Mot. Reconsider, ECF No. 276; Supplement 6, ECF No. 280), he offers little evidence to support this assertion,

and these factors fail to outweigh the severity of the offense and the need for deterrence. Accordingly, Gill's motions for compassionate release (ECF Nos. 248, 291); his motion to amend the compassionate release statute (ECF No. 293); and the remaining arguments raised in support of his motion for sentence reduction, motion for reconsideration, and supplementary filings (ECF Nos. 268, 276, 280, 292) are hereby **DENIED.**

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED** this 7th day of December, 2022, that Petitioner's pending motions (ECF Nos. 248, 258, 268, 272, 276, 280, 286, 287, 291, 292, 293, 301, 302) are **DISMISSED** in part and **DENIED** in part. Specifically:

1. The following motions are hereby construed as successive § 2255 petitions and **DISMISSED** for lack of jurisdiction:

    a. Petitioner's motion for relief from final judgment (ECF No. 258);

    b. Petitioner's motion to correct clerical error (ECF No. 272);

    c. Petitioner's motions for writs of coram nobis (ECF Nos. 286, 287); and

    d. Petitioner's miscellaneous filings challenging his sentence (ECF Nos. 301, 302).

2. The following motions are hereby construed as motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A), and are hereby **DENIED:**

    a. Petitioner's motion for compassionate release (ECF No. 248);

    b. Petitioner's supplemental motion (ECF No. 291); and

    c. Petitioner's motion to amend the compassionate release statute (ECF No. 293).

3. Petitioner's his motion to reduce sentence, motion for reconsideration and related filings (ECF Nos. 268, 276, 280, 292) are **DISMISSED** for lack of jurisdiction to the

extent that they constitute collateral attacks on Petitioner's sentence or conviction and **DENIED** to the extent that they seek compassionate release.


Dated: December 7, 2022

                                                           _____/s/_____
                                                          Richard D. Bennett
                                                          United States Senior District Judge